FILED

2014 MAR 10 P 12: 43

UNITED STATES DISTRICT COURT DISTRICT COURT
DISTRICT OF CONNECTICUT HARTFORD CT

| ROMAINE HINDS | : | CIVIL ACTION NO. |
| Plaintiff | | |

14CV300AWT

-vs-

THE WOODSTOCK ACADEMY
WOODSTOCK ACADEMY BOARD OF TRUSTEES
ALEXANDER KRYZAK
RICHARD KRYZAK
SARAH KRYZAK
   Defendants

                  :      **JURY TRIAL DEMANDED**

                  :      **MARCH 4, 2014**

## COMPLAINT

The Plaintiff, ROMAINE HINDS, by and through his undersigned attorney, hereby brings this civil action against THE WOODSTOCK ACADEMY, WOODSTOCK ACADEMY BOARD OF TRUSTEES, ALEXANDER KRYZAK, RICHARD KRYZAK, and SARAH KRYZAK, for damages arising from personal injuries sustained in an automobile crash which occurred on or about November 17, 2012, in the Town of Woodstock, Connecticut.

## JURY DEMAND

The Plaintiff demands trial by jury with respect to all claims.

- 1 -

**PARTIES**

1.      The Plaintiff, ROMAINE HINDS, is an individual who is a citizen and subject of the nation of Jamaica and resides in Jamaica.

2.      The Defendant, THE WOODSTOCK ACADEMY, is a private non-stock corporation chartered by special act of the legislature of the State of Connecticut, with its principal office at 57 Academy Road, Woodstock, Connecticut, to maintain and operate a secondary school known as Woodstock Academy in the Town of Woodstock, Connecticut, and acted at all times mentioned herein through its agents, servants, and employees.

3.      The Defendant, WOODSTOCK ACADEMY BOARD OF TRUSTEES, is the governing body charged with the management and control of THE WOODSTOCK ACADEMY by the afore-mentioned special act of the State of Connecticut, and acted at all times mentioned herein through THE WOODSTOCK ACADEMY and its agents, servants, and employees.

4.      The Defendants, ALEXANDER KRYZAK, and his parents RICHARD KRYZAK and SARAH KRYZAK, are individuals who are and at all relevant times were citizens of the State of Connecticut.

**JURISDICTION and VENUE**

5.      This court possesses diversity jurisdiction to hear and decide

- 2 -

this action between citizens of a state and a citizen of a foreign state, pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Venue in this court is proper pursuant to 28 U.S.C. §1391 based on diversity of citizenship.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6.      In August, 2012, the Plaintiff, who at all relevant times mentioned herein was a minor child, enrolled at Woodstock Academy as an "International Student" and travelled from his home in Jamaica to attend and board at Woodstock Academy.

7.      The Defendants, THE WOODSTOCK ACADEMY and WOODSTOCK ACADEMY BOARD OF TRUSTEES (hereinafter, referred to collectively as "The Woodstock Defendants"), accepted the Plaintiff for enrollment as an International Student at Woodstock Academy in their care and custody and placed him in Woodstock Academy's "Homestay Program."  Pursuant to the Homestay Program, The Woodstock Defendants placed International Students to reside with local "host families" while attending Woodstock Academy.

8.      At all times mentioned herein, the Plaintiff was placed by The Woodstock Defendants through their Homestay Program with a host family which included the Defendants, ALEXANDER KRYZAK, an adult student at Woodstock Academy, and his parents RICHARD KRYZAK and SARAH KRYZAK (hereinafter, Richard and Sarah

- 3 -

Kryzak are sometimes referred to as "the Kryzack Parent Defendants".

9.     The Woodstock Defendants made express assurances to the Plaintiff, and/or to his family and guardians, that he would be properly supervised and provided with a safe, appropriate, and healthy environment while participating in the Homestay Program.   These assurances included materials and/or statements that the Kryzak Parent Defendants and/or host family would treat the Plaintiff as if he were their own child, maintain curfews, and generally provide supervision, care and guidance to him while in their custody and control; that all adults in the host family would undergo a background check; and that The Woodstock Defendants would visit the host family throughout the year and ensure that the host family was meeting the expectations and responsibilities of the Homestay Program, which were set forth in detail.  The materials and/or statements given to the Plaintiff, his family and/or guardians by The Woodstock Defendants provided for a curfew of 12:00 Midnight to 1:00 A.M. on Fridays and Saturdays for "senior high-aged students" such as the Plaintiff.

10.    The Kryzak Parent Defendants were paid compensation by The Woodstock Defendants in exchange for providing housing, meals, supervision, transportation, and care for the Plaintiff while in their custody and control pursuant to the Homestay Program, and for meeting the detailed expectations and responsibilities demanded of them by the Homestay Program with regard to the Plaintiff, their host student.

- 4 -

11.    On the morning of November 17, 2012, at approximately 1:39 A.M., while the Plaintiff was a passenger in a 2000 Volvo motor vehicle owned by the Kryzak Parent Defendants, and operated by Defendant ALEXANDER KRYZAK on Route 171 in Woodstock, Connecticut, ALEXANDER KRYZACK caused the vehicle to leave the highway at high speed and crash into a tree with great force.

12.    As a result of said crash, the Plaintiff suffered serious physical injuries, some of which are or may be permanent, including but not limited to the following:

    a.    Fracture of the left femur requiring surgical repair and hardware;

    b.    Fracture of the right radius and ulna requiring surgical repair and hardware;

    c.    Multiple abrasions and bruises;

    d.    Scarring at the surgical sites;

    e.    Physical and mental pain and suffering;

13.    As a further result of said crash, the Plaintiff incurred medical expenses exceeding $100,000.00, and is likely to incur medical expenses and loss of income/earning capacity in the future; and has suffered diminished ability to carry on and enjoy his activities of living.

**FIRST COUNT** – **NEGLIGENCE (ALEXANDER KRYZAK, RICHARD KRYZAK, AND SARAH KRYZAK)**

1-13. Paragraphs 1 through 13 of this Complaint are hereby incorporated by

reference as if fully stated herein.

14.     The Plaintiff's injuries and losses set forth herein were caused by the negligence of the Defendant ALEXANDER KRYZAK in the operation of the motor vehicle in one or more of the following ways:

a.      In that he was inattentive to his driving and failed to keep a reasonable lookout;

b.      In that he drove the vehicle at a rate of speed which was excessive and unreasonable under the conditions then and there existing;

c.      In that he failed to keep the vehicle under reasonable and proper control;

d.      In that he failed to drive the vehicle in the established lane;

e.      In that he operated the vehicle while he was not reasonably fit to do so due to tiredness, the late hour, and/or lack of sleep;

f.      In that he violated Section 14-236  of the Connecticut General Statutes by failing to drive the vehicle entirely within a single lane and moved the vehicle from such lane without ascertaining that such movement could be made with reasonable safety;

g.      In that he violated Section 14-242 of the Connecticut General Statutes by turning the vehicle from a direct course or moving to the right on the highway when such turn or movement could not be made with reasonable safety;

h.      In that he violated Section 14-218a of the Connecticut General Statutes by driving at a rate of speed that was unreasonable and excessive under the conditions then and there existing.

15.     At all times mentioned herein, Defendant ALEXANDER KRYZAK was a member of the household of his parents, the Kryzak Parent Defendants, and was

- 6 -

operating a motor vehicle owned and maintained by the Kryzak Parent Defendants as a family car within the scope of a general authority to do so.

## SECOND COUNT – CONN. GEN. STATUTES § 14-295 (ALEXANDER KRYZAK)

1-13    Paragraphs 1 through 13 of this Complaint are hereby incorporated by reference as if fully set forth herein.

14.     The Defendant ALEXANDER KRYZAK operated the motor vehicle with deliberate or reckless disregard in violation of one or more of the following:

a.      In violation of Section 14-222 of the Connecticut General Statutes by operating the vehicle recklessly, in that he was aware of and disregarded the circumstance that he was not reasonably fit to do so due to tiredness, the late hour, and/or lack of sleep, and further that he was aware of and consciously disregarded a substantial and unjustifiable risk that he would fall asleep while operating the vehicle;

b.      In violation of Section 14-236  of the Connecticut General Statutes by failing to drive the vehicle entirely within a single lane and by moving the vehicle from such lane without ascertaining that such movement could be made with reasonable safety;

c.      In violation of Section 14-242 of the Connecticut General Statutes by turning the vehicle from a direct course or moving to the right on the highway when such turn or movement could not be made with reasonable safety;

d.      In violation of Section 14-218a of the Connecticut General Statutes by driving at a rate of speed that was unreasonable and excessive under the conditions then and there existing.

15.     The Defendant ALEXANDER KRYZAK'S violation of one or more of the aforesaid statutes was a substantial factor in causing the Plaintiff's injuries and losses set forth herein, entitling the Plaintiff to an award of double or treble damages pursuant to Connecticut General Statutes Section 14-295.

**THIRD COUNT – NEGLIGENCE (RICHARD KRYZAK, SARAH KRYZAK, ALEXANDER KRYZAK, THE WOODSTOCK ACADEMY, WOODSTOCK ACADEMY BOARD OF TRUSTEES)**

1-15.   Paragraphs 1 through 15 of the First Count of this Complaint are hereby incorporated by reference as if fully set forth herein.

16.     The Plaintiff's injuries and losses set forth herein were caused by the negligence of Alexander Kryzak and/or the Kryzak Parent Defendants in one or more of the following ways:

a.      in failing to adequately supervise the Plaintiff, a minor in their custody and care;

b.      in entrusting Alexander Kryzak with the motor vehicle and with the Plaintiff, a minor in their custody and care, without adequate supervision;

c.      in failing to enforce the curfew as set forth in the materials provided by The Woodstock Defendants to the Plaintiff and his guardians and to the Kryzak Parent Defendants;

d.      in permitting the Plaintiff, a minor in their custody and care, to be a

- 8 -

passenger in a motor vehicle operated by Alexander Kryzak past the time established by the Defendants as a reasonable curfew;

e.    in permitting Plaintiff, a minor in their custody and care, to be present in the motor vehicle operated by and entrusted to Alexander Kryzak, while Alexander Kryzak was not reasonably fit to operate the vehicle due to tiredness, the late hour, and/or lack of sleep.

f.    in failing to protect the Plaintiff, a minor in their custody and care, from reasonably foreseeable harm as a result of the conduct of Alexander Kryzak.

17.   Alexander Kryzak and/or the Kryzak Parent Defendants were at all times mentioned herein, the agents or employees of The Woodstock Defendants and were acting in the course and scope of their agency or employment.

### FOURTH COUNT – NEGLIGENCE (THE WOODSTOCK ACADEMY, WOODSTOCK ACADEMY BOARD OF TRUSTEES)

1-15.  Paragraphs 1 through 15 of the First Count of this Complaint are hereby incorporated by reference as if fully set forth herein.

16.    The Plaintiff's injuries and losses set forth herein were caused by the negligence of The Woodstock Defendants, in one or more of the following ways:

a.    in placing the Plaintiff, a minor in their custody and care, with the Kryzaks without adequate supervision of the host family, including Alexander Kryzak;

b.    in failing to visit the Kryzak residence throughout the year sufficiently to

ensure that the Kryzaks were meeting the expectations and responsibilities of the Homestay Program, including supervision and curfew;

      c.     in failing to adequately supervise the Plaintiff, a minor in their custody and care;

      d.     in failing to enforce, or require the Kryzaks to enforce, the curfew as set forth in the materials provided by The Woodstock Defendants to the Plaintiff and his guardians and to the Kryzak Parent Defendants;

      e.     in permitting the Plaintiff, a minor in their custody and care, to be a passenger in a motor vehicle operated by and entrusted to Alexander Kryzak past the time established by The Woodstock Defendants as a reasonable curfew;

      f.     in permitting the Plaintiff, a minor in their custody and care, to be present in the motor vehicle operated by and entrusted to Alexander Kryzak, while he was not reasonably fit to operate due to tiredness, the late hour, and/or lack of sleep;

      g.     in failing to protect the Plaintiff, a minor in their custody and care, from reasonably foreseeable harm as a result of the conduct of Alexander Kryzak.

**FIFTH COUNT –    BREACH OF CONTRACT (THE WOODSTOCK ACADEMY, WOODSTOCK ACADEMY BOARD OF TRUSTEES)**

      1-13.  Paragraphs 1 through 13 of the First Count of this Complaint are hereby incorporated by reference as if fully set forth herein.

      14.    The Woodstock Defendants entered into an express and/or implied

- 10 -

contract with the Plaintiff, and/or the Plaintiff's family for his benefit, promising:

a.     that the Plaintiff would be properly supervised and provided with a safe, appropriate, and healthy environment while participating in the Homestay Program;

b.     that the Kryzak Parent Defendants and/or host family would treat the Plaintiff as if he were their own child, maintain curfews, and generally provide supervision, care and guidance to him while in their custody and control;

c.     that The Woodstock Defendants would visit the host family throughout the year to ensure that the host family were meeting the expectations of the Homestay Program.

d.     that the Homestay Program would establish a curfew of 12:00 Midnight to 1:00 A.M. on Fridays and Saturdays for "senior high-aged students" such as the Plaintiff.

15. The Woodstock Defendants breached their contract in one or more of the following ways:

a.     in placing the Plaintiff with the Kryzaks without adequate supervision of the host family, including Alexander Kryzak;

b.     in failing to adequately supervise the Plaintiff, a minor in their custody and care;

c.     in failing to visit the host family throughout the year to ensure that the host family were meeting the expectations of the Homestay Program.

- 11 -

     d.    in failing to enforce, or require the Kryzaks to enforce, the curfew as set forth in the materials provided by The Woodstock Defendants to the Plaintiff and his guardians and to the Kryzak Parent Defendants;

     e.    in permitting the Plaintiff, a minor in their custody and care, to be a passenger in a motor vehicle operated by and entrusted to Alexander Kryzak past the time established by The Woodstock Defendants as a reasonable curfew;

     f.    in permitting the Plaintiff, a minor in their custody and care, to be present in the motor vehicle operated by and entrusted to Alexander Kryzak, while he was not reasonably fit to operate due to tiredness and/or lack of sleep;

     g.    in failing to protect the Plaintiff, a minor in their custody and care, from reasonably foreseeable harm as a result of the conduct of Alexander Kryzak.

    16.   The Plaintiff's injuries and losses set forth herein were caused by The Woodstock Defendants' breach of the contract.

## CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully demands judgment against the Defendants for:

1. Compensatory damages in the amount of One Million ($1,000.000.00) Dollars

2. Double or Treble Damages as to the Second Count pursuant to Conn. Gen. Statutes Section 14-295;

3. Taxable costs; and

4. Such other relief as the Court may deem just and proper.

### The Plaintiff hereby demands a jury trial.

THE PLAINTIFF

Adam J. Teller, Esq.
Leone, Throwe, Teller & Nagle
P.O. Box 280225
33 Connecticut Boulevard
East Hartford, CT 06128-0225
Fed. Bar No. ct02515
860.528.2145 - Tel.
860.282.1539 – Fax
ateller@lttnlaw.com